The **UNITED STATES** of America,
Plaintiff,

v.

**NORTHERN PACIFIC RAILWAY CO.,**
Defendant.

Civ. A. No. 649-62.

United States District Court
District of Columbia.

Dec. 11, 1962.

David C. Acheson, U. S. Atty., Charles
T. Duncan, Principal Asst. U. S. Atty.,
Joseph M. Hannon and Byron K. Welch,
Asst. U. S. Attys., District of Columbia,
for the United States.

Earl F. Requa and H. K. Bradford, Jr.,
St. Paul, Minn., for the Northern Pac.
Ry. Co.

McLAUGHLIN, District Judge.

This matter having come before the
Court on the motion of defendant to
dismiss for lack of jurisdiction or, in the
alternative, for a change of venue and
plaintiff's opposition thereto and on plain-
tiff's motion for summary judgment and
defendant's opposition thereto; where-
upon the Court having considered the
pleadings and argument in open Court
by counsel for the parties at which coun-
sel for defendant agreed that there was
no genuine issue as to any material fact
and hence withdrew his request for

change of venue, the Court makes the following findings of fact:

1. Defendant Northern Pacific Railway Company is a corporation organized and doing business under the laws of the State of Wisconsin.

2. During August and September, 1961, defendant was a common carrier engaged in interstate commerce by railroad in the State of Minnesota and subject to the Locomotive Boiler Inspection Act, 45 U.S.C. §§ 22–34, and the United States Interstate Commerce Commission's rules and regulations issued to implement said act.

3. On August 27, 1961, at about 11:30 a. m., near Perham, Minnesota, on defendant's diesel-electric locomotive unit No. 6003–C, which was in transit from Staples, Minnesota, R. A. Christianson, defendant's fireman, accidently came in contact with an electrically energized part of said locomotive unit.

4. As a result of this accidental contact defendant's fireman was injured in that he received first and second degree burns on his right arm and on the right side of his face and was temporarily blinded.

5. As a result of these injuries defendant's fireman was hospitalized and was unable to perform his accustomed duties for at least one week.

6. On August 31, 1961, four days after the accident, at 11:30 a.m., defendant sent a telegram to the Director of Locomotive Inspection, Interstate Commerce Commission, Washington, D. C., and informed the Commission of the accident and said "INSPECTION NORTHTOWN", which indicated that the locomotive involved could be inspected at the Northtown Enginehouse, Minneapolis, Minnesota. This was the first report which defendant had made to the Director concerning the accident.

7. At 9:30 a. m., September 1, an Interstate Commerce Commission District Inspector appeared at the Northtown Enginehouse, Minneapolis, Minnesota, in order to inspect the locomotive involved in the accident. At that time the locomotive was at Livingston, Montana, more than seven hundred miles distant, undergoing annual inspection and the defect in the locomotive had been repaired before the District Inspector was able to see the locomotive.

8. Defendant did not follow the telegram of August 31, 1961, with a letter to the Director of Locomotive Inspection, giving a full detailed report of the accident.

9. The office of the Director of Locomotive Inspection is located in Washington, D. C.

WHEREFORE, the Court concludes as a matter of law that:

1. This Court has jurisdiction over the subject matter of the complaint.

2. Defendant violated the Interstate Commerce Commission's regulation appearing at Title 49 C.F.R., Section 91.335 [1] by failing to transmit by wire to the Director of Locomotive Inspection, at his office in Washington, D. C., immediately after an accident resulting from coming in contact with an electrically energized part of a locomotive and resulting in a serious injury, a report of such accident.

3. Defendant committed a second violation of the same regulation by failing

---

[1]. *Accident Reports.* In the case of an accident resulting from failure from any cause of a locomotive or unit, or any part of appurtenance thereof, or from coming in contact with an electrically energized part or appurtenance thereof, resulting in serious injury or death to one or more persons, the carrier on whose line the locomotive or unit is being used shall immediately transmit by wire to the Director, at his office in Washington, D.C., a report of such accident, stating the nature of such accident, number of persons killed or seriously injured, the place at which it occurred, as well as where the locomotive or unit may be inspected; which wire shall be immediately confirmed by mail, giving a full detailed report of such accident, stating, as far as may be known, the causes, and giving a complete list of the killed and injured.

to·mail to the Director a written report of the same accident.

4. Defendant is liable for the statutory penalty of two hundred and fifty dollars ($250.00) for each violation and for costs.

5. Defendant's motion to dismiss should be denied.

6. Plaintiff is entitled to judgment as a matter of law and its motion for summary judgment should be granted